C. A. No. 74-89. Appeal No. 73-33. State *v.* Leo Desroches. On Decemeber 8, 1976 this Court appointed Martin Malinou to represent the defendant. We have now received a letter from the defendant in which he states, "This is to inform you that I do not agree to let Martin Malinou, the lawyer you appointed, represent me in the above numbered cases because, amongst other things, I did not ask you to appoint a lawyer to represent me." When the defendant appeared before us on October 12, 1976, it was not at all clear that he did not wish counsel to be appointed to represent him. See previous order, *State* v. *Desroches,* 117 R.I. 934, 366 A.2d 820 (1976). It is evident at this time that the defendant wishes to represent himself in these cases.

The United States Supreme Court addressed the problem we face in *Faretta* v. *California,* 422 U.S. 806, 95 Sup. Ct. 2525, 45 L.Ed.2d 562 (1975). The majority of the Court held that the

defendant in a state criminal trial has an independent constitutional right of self representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. The Court further stated that a defendant "should be made aware of the dangers and disadvantages of self representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open' ". *Id.* 422 U.S. 835, 95 S. Ct. 2541, 45 L.Ed.2d 581.

At his appearance before us on October 12, 1976, we made the "dangers and disadvantages of self representation" abundantly clear to the defendant. His response was that he was interested only in exhausting his remedies in this court so that he could pursue his remedies in the Federal Court. In deference to the wishes of the defendant, we will grant his desire to represent himself. In doing so, we will follow the suggestion of the United States Supreme Court in *Faretta* v. *California, supra,* and we will appoint Martin Malinou as "standby counsel" in this matter, so that he may assist the defendant, if the defendant requests assistance, so that he will be able to represent the defendant in the event defendant's self representation is terminated, and so that he can assist this court.

We take this opportunity to apprise the defendant of the caveat to be found in footnote 46, in Faretta:
"* * *

The right of self representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel' ". 422 U.S. 835, 95 S. Ct. 2541, 45 L.Ed.2d 581.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff. *Leo Desroches,* defendant, pro se.